## In re SPRINT CORP. PCS NETWORK CONTRACT LITIGATION

### No. 1579.

Judicial Panel on Multidistrict Litigation.

Feb. 12, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr.,* Judges of the Panel.

### ORDER DENYING TRANSFER

WM. TERRELL HODGES, Chairman.

This litigation presently consists of the five actions listed on the attached Schedule A and pending in three districts as follows: three actions now consolidated in the bankruptcy court for the Northern District of Georgia, and one action each in the Western District of Louisiana and the Southern District of Ohio. Defendants Sprint Corp., Sprint Spectrum L.P., WirelessCo., L.P., and SprintCom, Inc., move the Panel, pursuant to 28 U.S.C. § 1407, for centralization of the actions in the District of Kansas or, alternatively, the Northern District of Georgia. Plaintiffs in all actions oppose transfer. If the Panel determines to order transfer over their objections, then i) plaintiffs in two of the three now consolidated Northern District of Georgia actions would favor selection of the Northern District of Georgia as transferee district; and ii) plaintiffs in the Western District of Louisiana action would favor selection of the Western District of

Louisiana as transferee district (with the Northern District of Georgia as their alternate choice).

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Proponents of centralization have failed to persuade us that any common questions of fact and law in this docket consisting of a minimal number of actions pending in three districts are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer. We point out that alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978). *See also Manual for Complex Litigation, Third,* § 31.14 (1995).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these five actions is denied.

### SCHEDULE A

*MDL–1579—In re Sprint Corp. PCS Network Contract Litigation*

> *Northern District of Georgia*
> *iPCS, Inc., et al. v. Sprint Corp., et al.,* Bky. Advy. No. 1:03–6063
> *Official Committee of Unsecured Creditors of iPCS, Inc., iPCS Wireless, Inc. and iPCS Equipment, Inc. v. Sprint Corp., et al.,* Bky. Advy. No. 1:03–6464
> *Toronto Dominion (Texas), Inc. v. Sprint Spectrum, L.P., et al.,* Bky. Advy. No. 1:04–9021 (formerly, C.A. No. 1:03–1444)

* Judge Miller took no part in the decision of this matter.

*Western District of Louisiana*

*U.S. Unwired, Inc., et al. v. Sprint Corp., et al., C.A. No. 2:03–1326*

*Southern District of Ohio*

*Horizon Personal Communications, Inc., et al. v. Sprint Corp., et al., C.A. No. 2:03–756*